IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James Hannon,                        :

       Plaintiff,              :

   v.                               :      Case No. 2:15-cv-0718

                             :      JUDGE ALGENON L. MARBLEY
Eric Holder,                                Magistrate Judge Kemp

       Defendant.              :

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, James Hannon, a non-prisoner *pro se* litigant, filed this action asking for leave to proceed *in forma pauperis*. Mr. Hannon qualifies financially for *in forma pauperis* status, so his motion for leave to proceed (Doc. 1) is granted. However, the Court will recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. <u>See</u> <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. <u>See</u> <u>id</u>. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, <u>see</u> <u>id</u>. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." <u>Id</u>. at 328; <u>see also</u>

Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  See Haines v. Kerner, 404 U.S. 519 (1972).  The Court is required to review Mr. Hurst's complaint under these standards.

II.

The complaint can be described briefly, but accurately, in this way.  All quotes are taken from the complaint, which is an attachment to Doc. 1, the motion for leave to proceed *in forma pauperis*.

Mr. Hannon states that the purpose of his having filed this case is to "improve the future of the African American Community."  He says that the Emancipation Proclamation did not ensure equality for African Americans, and that they are now a "permanent underclass."  He believes that the federal government should set aside land to support 30 million African Americans and the set-aside should last for 100 years.  Essentially, he asks for the creation of "our own state within the United States."  The only named defendant is Eric Holder, the Attorney General of the United States.

III.

Mr. Hannon's complaint is not the typical lawsuit filed in a federal court.  By itself, that is not enough to warrant its dismissal.  However, the law makes it clear that the relief he seeks cannot be granted in the context of an action filed in a court.  Courts have limited jurisdiction both to enforce the law and to grant relief, and that jurisdiction does not extend to the type of claim that Mr. Hannon is making.

To obtain relief from a federal court, a Plaintiff must sue

under a law or constitutional provision that provides individuals with a cause of action. Many provisions of federal law do not allow individuals to sue for violations even if the law has been violated. Sometimes, the issue of whether a law has been violated, and what type of relief can be given to someone claiming such a violation, is what is called a "political question" – meaning that the solution to the problem, if one is to be had, must come from the elected branches of government and not the courts.

Reparations to descendants of slaves is one such question. As one court has stated, "The Constitution commits to the Representative Branches of the United States Government the authority to resolve the issue of reparations to former slaves resulting from the Nation's role in the institution of slavery." In re African-American Slave Descendants Litigation, 375 F.Supp.2d 721, 758 (N.D. Ill. 2005), aff'd in part and rev'd in part on other grounds 471 F.3d 754 (7th Cir. 2006). That court noted that Congress, immediately after the Civil War, considered and adopted various ways to provide relief to previously-enslaved citizens, including ratifying the Thirteenth, Fourteenth, and Fifteenth Amendments and passing various civil rights statutes. It also debated whether to order reparations, including land reparations, but "the idea of land distribution was ultimately abandoned." Id. at 761. Those decisions were committed to Congress, not the judiciary. "By requiring the court to second-guess the decisions of the Representative Branches made more than a century ago, Plaintiffs' Complaint presents a non-justiciable political question." Id. at 762.

To this Court's knowledge, no court has ever held that a private citizen can file suit directly under the Emancipation Proclamation, especially a suit for reparations. The Court agrees with the In re African-American Slave Descendants

-3-

Litigation court that any decision about making reparations to the descendants of slavery is committed exclusively to Congress, and that it would not be within this Court's power to grant any type of relief to Mr. Hannon even if he were correct in his claim that the ideals reflected in the Proclamation have not been fully implemented in the century-and-a-half since it became law. Because his complaint does not seek relief that a court can award him, it must be dismissed.

IV.

For all of these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (#1) is granted.  It is further recommended that this case be dismissed under 28 U.S.C. §1915(e)(2) for failure to state a claim upon which relief may be granted.

V.

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the

-4-

Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140
(1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


<u>/s/ Terence P. Kemp          </u>
United States Magistrate Judge