**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JAMES HANNON,** | : | |
| | : | **Case No. 2:15-CV-0718** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Kemp** |
| | : | |
| **LORETTA LYNCH,** | : | |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (Doc. 2) recommending that Plaintiff James Hannon's Complaint be dismissed for failure to state a claim upon which relief can be granted.  Plaintiff objected to the Report and Recommendation (Doc. 5.)  Upon independent review, the Court hereby **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.  Plaintiff's Complaint is **DISMISSED**.

## I.    BACKGROUND

Plaintiff asks this Court to set aside land for African Americans who are descended from slaves.  (Compl., Doc. 1-1 at ¶¶ 7-13.)  He seeks to "improve the future of the African American community," and identifies the Emancipation Proclamation as the law under which he brings his claim.  (*Id.* at 1-2.)  The Magistrate Judge recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted.  (Doc. 2.)  In so recommending, the Magistrate Judge found that even if Mr. Hannon is correct that the ideals of the Emancipation Proclamation have not been fully implemented by the federal government, reparations for

slavery is a non-justiciable political question and, therefore, the Court lacks jurisdiction to grant relief to Mr. Hannon.  (*Id.* at 2-4.)  Mr. Hannon objected to the Report and Recommendation, and he states that his goal is to correct the racial injustices of the past and allow African Americans to govern themselves in a separate state.  (Doc. 5.)

## II.      STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Because Plaintiff moved the Court to proceed *in forma pauperis* under 28 U.S.C. § 1915, the Magistrate Judge conducted an initial screening of the complaint under § 1915(e)(2), which provides that "the court shall dismiss the case at any time if the court determines" that the action "fails to state a claim on which relief may be granted."  In order to state a claim upon which relief may be granted, a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).  Rule 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of Rule 8 is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  Thus, a

2

complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### III.    ANALYSIS

The Magistrate Judge is correct that no court has found a cause of action for a plaintiff under the Emancipation Proclamation, and that any action for reparations would be a non-justiciable political question.

The political-question doctrine bars federal courts from adjudicating disputes that have been "committed by the Constitution to another branch of government." *Baker v. Carr*, 369 U.S. 186, 211 (1962). In *Baker*, the Supreme Court laid out six circumstances that give rise to a non-justiciable political question:

> 1] a textually demonstrable constitutional commitment of the issue to a coordinate political department; or [2] a lack of judicially discoverable and manageable standards for resolving it; or [3] the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or [4] the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or [5] an unusual need for unquestioning adherence to a political decision already made; or [6] the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 217. The Seventh Circuit has noted that a "case that sought reparations for the wrong of slavery" would likely exceed judicial capabilities and be a non-justiciable political question. *In re African-American Slave Descendants Litig.*, 471 F.3d 754 (7th Cir. 2006).

This Court agrees that the Constitution commits to the representative branches of the federal government the issue of reparations for slavery. Although Mr. Hannon insists that his suit is not one for reparations, "[m]ost commonly, … the term 'reparations' simply means some sort of financial compensation for descendants of slaves," which Mr. Hannon requests. *In re African American Slave Descendants Litig.*, 375 F. Supp. 2d 721, 733 (N.D. Ill. 2005), *aff'd in part and rev'd in part on other grounds*, 471 F.3d 754 (7th Cir. 2006). One district court that has

considered a suit for reparations summarized the history of debate about reparations in the

United States and concluded:

> [I]t is clear that both during and after the Civil War the issue of reparations to former slaves was one committed to the Representative Branches of the federal government. It was the President and Congress who prosecuted the military and political aspects of the Civil War, ultimately leading to the conclusion of the war. With a goal of preserving the Union and securing an acceptable and lasting peace, it again was the President and Congress who chose to amend the Constitution and enact civil rights legislation in an effort to provide legal equality to the newly freed slaves. Although the Representative Branches decided to take this particular course of conduct in lieu of providing reparations to former slaves, the historical record clearly demonstrates that the Constitution commits this decision to the Representative Branches. By requiring the court to second-guess the decisions of the Representative Branches made more than a century ago, Plaintiffs' Complaint presents a non-justiciable political question.

*Id.* at 762 (internal citations omitted).  Mr. Hannon's Complaint presents a non-justiciable

political question that has been committed to the representative branches of the federal

government.  Therefore, the Complaint must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS**

the Magistrate Judge's Report and Recommendation.  Plaintiff's Complaint is **DISMISSED**.

The clerk is directed to enter Judgment for Defendant.

**IT IS SO ORDERED.**

                                        ___s/ Algenon L. Marbley_____
                                        **ALGENON L. MARBLEY**
                                        **UNITED STATES DISTRICT JUDGE**

**DATED:  February 9, 2016**

4